IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>AMBER LYNN LANPHEAR,<br><br>Defendant/Movant. | Cause No. CR 19-19-BLG-SPW<br>CV 21-71-BLG-SPW<br><br><br>ORDER |

On January 7, 2022, the Court denied Amber Lynn Lanphear's motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255. It also denied a certificate of appealability. *See* Order (Doc. 78). Judgment was entered in the civil case, Cause No. CV 21-71-BLG-SPW, on the same day.

On January 20, 2022, Lanphear wrote a letter to the clerk, asking whether she could add claims to her § 2255 motion. The clerk received the letter on January 28 and filed it in the docket on January 31, 2022. *See* Letter (Doc. 82).

## I. Motion to Amend Pleading vs. Altering or Amending Judgment

Lanphear is a federal prisoner proceeding *pro se*. A district court must liberally construe a *pro se* prisoner's submissions. *See, e.g., United States v. Qazi*, 975 F.3d 989, 992–93 (9th Cir. 2020).

1

Lanphear asks, "Is it possible to add claims on to my 2255?"  Because Lanphear specified the claims she had in mind, the Court construes this query to the clerk as, in substance, a motion to amend the § 2255 motion.

In some situations, it appears a district court must inquire whether a pro se prisoner litigant has another action pending in which such a motion might be apposite.  *See, e.g., Goodrum v. Busby*, 824 F.3d 1188, 1195 (9th Cir. 2016) ("When a new petition is filed in the district court, that court is presumed to know whether the earlier-filed petition remains pending.")  Lanphear has no other petition or motion pending in this Court.  The Ninth Circuit's records indicate that Lanphear had no application or appeal pending in the Court of Appeals while her § 2255 motion was pending in this Court.  *See Goodrum*, 824 F.3d at 1190–91, 1195–96; *Woods v. Carey*, 525 F.3d 886, 888–90 (9th Cir. 2008).  Thus, the Court cannot deem Lanphear's motion to be a motion to amend any pleading that was pending two weeks after her § 2255 motion was denied.  The motion to amend can only be directed at the § 2255 proceeding in this case, which was closed by the entry of judgment.

Ordinarily, a motion to amend is governed by Federal Rule of Civil Procedure 15.[1]  Although Rule 15(a)(2) requires a plaintiff/movant to obtain leave

---

[1] Rule 15(a) allows a party to amend its pleading within 21 days "after serving it." Lanphear's § 2255 motion was filed on June 11, 2021, *see* Mot. § 2255 (Doc. 76) at 6 ¶ C. When it was docketed in this Court on June 21, 2021, it was electronically served on counsel for

to amend, it also provides that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). What "justice . . . requires" may differ at different points in the litigation. Applying the familiar liberal standard of Rule 15 to post-judgment motions to amend "would allow plaintiffs to pursue a case to judgment and then, if they lose, to reopen the case by amending their complaint to take account of the court's decision." *James v. Watt*, 716 F.2d 71, 78 (1st Cir. 1983) (Breyer, J.). Instead, "the ordinary rules governing the finality of judicial decisions" take precedence. *Id.*

Consequently, "once judgment has been entered in a case, a motion to amend . . . can only be entertained if the judgment is first reopened under a motion brought under Rule 59 or 60" of the Federal Rules of Civil Procedure. *Balbuena*, 980 F.3d at 638 (quoting *Lindauer v. Rogers*, 91 F.3d 1355, 1357 (9th Cir. 1996)). The real question at hand is not whether Lanphear may amend her § 2255 motion to assert new grounds for setting aside the criminal judgment of August 21, 2020 (Doc. 69). The question is whether Lanphear's allegations support altering or amending the civil judgment that was entered when her § 2255 motion was denied on January 7, 2022.

---

the United States. *See* Notice of Electronic Filing (Doc. 76). The United States was not required to appear, *see* Order (Doc. 78) at 1–2, but that does not appear to be relevant. The United States was served on June 21, and Lanphear's motion to amend was not filed within 21 days of that date.

Rule 16 may also apply, *see* Fed. R. Civ. P. 16(b)(3)(A), (4), but no pretrial conference was held in this matter, and the Court set no deadline for amending the pleadings.

## II. Rule 60

Rule 60(b) "has an unquestionably valid role to play in habeas cases."

*Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005).  Its application, however, is

constrained by 28 U.S.C. § 2255(h).  A Rule 60 motion might address something

other than the substance of the claims resolved by the judgment it seeks to reopen.

For instance, it might assert that the judgment should be altered because the law

has changed.  *See id*. at 536–37.  But "[u]sing Rule 60(b) to present new claims for

relief from a . . . judgment of conviction—even claims couched in the language of

a true Rule 60(b) motion—circumvents [Congress's] requirement that a new claim

be dismissed unless it relies on either a new rule of constitutional law or newly

discovered facts."  *Gonzalez*, 545 U.S. at 531; *see also United States v. Buenrostro*,

638 F.3d 720, 722 (9th Cir. 2011) (per curiam).

Lanphear's motion to amend presents new claims and/or new evidence.

*Gonzalez* does not permit her to use Rule 60(b) for this purpose.  *See United States*

*v. Washington*, 653 F.3d 1057, 1063–65 (9th Cir. 2011).  Only the Court of

Appeals would have jurisdiction to decide whether her new claims or evidence

meet the standards of § 2255(h).  *See Burton v. Stewart*, 549 U.S. 147, 149 (2007)

(per curiam).  This Court cannot address the motion to amend under Rule 60.

## III. Rule 59(e)

The motion may be addressed under Rule 59(e).  It was filed within 28 days

after the entry of judgment, *see* Fed. R. Civ. P. 59(e); *Houston*, 487 U.S. at 276, and motions under Rule 59 do not trigger the statutory restrictions on second or successive applications for habeas relief, *see Bannister v. Davis*, __ U.S. __, 140 S. Ct. 1698, 1702 (2020), *contra Rishor v. Ferguson*, 822 F.3d 482, 489–95 (9th Cir. 2016).

## A. Criteria

"A Rule 59 motion should not be granted unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *McQuillion v. Duncan*, 342 F.3d 1012, 1014 (9th Cir. 2003) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc) (per curiam) (internal quotation marks omitted); *accord Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011) (quoting *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001)). "A district court does not abuse its discretion when it disregards legal arguments made for the first time on a motion to amend." *Zimmerman*, 255 F.3d at 740. "[A] party that fails to introduce facts . . . cannot introduce them later in a motion to amend by claiming that they constitute 'newly discovered evidence' unless they were previously unavailable." *Id.*

Even where a movant presents one of the three grounds set forth in *McQuillion* and *Ybarra*, relief under the rule remains "an extraordinary remedy

5

which should be used sparingly." *McDowell*, 197 F.3d at 1255 n.1 (quoting 11

Charles Alan Wright, et al., *Federal Practice and Procedure* § 2810.1 (2d ed.

1995)). Thus, a district court has a range of discretion in deciding a Rule 59(e)

motion.

### B. Lanphear's Motion

Lanphear seeks to add two new claims that she did not present in her § 2255

motion. She also seeks to add facts supporting a claim she did present. No

intervening change in controlling law is involved here. Nor does Lanphear's letter

attempt to show clear error or manifest injustice in the Court's decision of her §

2255 motion. The question, therefore, is whether Lanphear points to newly

discovered evidence and, if so, whether extraordinary relief under Rule 59(e) is

warranted.

#### 1. Vindictiveness

First, Lanphear claims that her friend, Starla Keller, attended some of the

same college classes as the prosecutor and the two developed some sort of

animosity toward one another. The car Lanphear used in committing the offense

was registered to Keller. *See* Presentence Report ¶ 13. A confidential source

reported that Lanphear was using a storage unit that might belong to Keller. *See*

*id.* ¶ 12.

The Court will assume, for the sake of argument, that Lanphear did not

know of the conflict between Keller and Painter before the § 2255 motion was denied.  Even so, the claim does not justify relief under Rule 59.

A prosecutor's decision to file charges is rarely subject to judicial review. "[S]o long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in [her] discretion." *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978).  Neither Lanphear's allegation nor the record of the case remotely suggests the prosecution arose from an invidious classification such as race or religion.  *See id.* at 364–65. Lanphear cannot contest the existence of probable cause.  She pled guilty, acknowledging the United States had evidence supporting her conviction beyond reasonable doubt.  Her § 2255 motion acknowledges that counsel agreed.  *See* Mot. § 2255 (Doc. 76) at 3 ¶ A, 4 ¶ B.  In this District, it is not unusual for prosecutors, defense counsel, defendants, law enforcement officers, and probation officers to be acquainted with friends and family of people involved in a case.  Mere personal dislike is not unconstitutional.

Apart from the original charging decision, which is seldom reviewable at all, a prosecutor might violate due process "when [she] seeks additional charges solely to punish a defendant for exercising a constitutional or statutory right." *United States v. Kent*, 649 F.3d 906, 912 (9th Cir. 2011).  Even then, a defendant must

7

show the additional charges "could not be justified as a proper exercise of prosecutorial discretion." *United States v. Goodwin*, 457 U.S. 368, 380 n.12 (1982). But Lanphear's prosecution proceeded on the original indictment. No charges or enhancements were added at any point.[2] And at sentencing, Lanphear benefitted from both a downward departure and a downward variance. *See* Am. Statement of Reasons (Doc. 73) at 2–3 §§ IV–VI. The United States preserved its right to appeal the sentence, *see* Plea Agreement (Doc. 45) at 7 ¶ 8(a), but it did not appeal.

In light of the record of the case, the facts Lanphear alleges fail to support a rational inference that the prosecutor's decision to charge her violated the United States Constitution. Relief under Rule 59(e) is not warranted.

### 2. Basis for Sentence

Second, Lanphear claims that her sentence was based "on the grounds that I was gang affiliated and I am not." Mot. to Amend (Doc. 82) at 1. The Court addressed this matter shortly after sentencing, *compare* Statement of Reasons (Doc. 70) at 4 § VIII *with* Am. Statement of Reasons (Doc. 73) at 4 § VIII; 18

---

[2] Lanphear appeared on a complaint alleging only that she was a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Complaints are presented to judges by law enforcement agents. *Cf. Goodwin*, 457 U.S. at 381 ("the prosecutor's assessment of the proper extent of prosecution may not have crystallized" at an early stage of the case). The prosecutor proceeded on the charges originally found by the grand jury. There was no superseding indictment, and no information was filed under 21 U.S.C. § 851. The felon-in-possession charge was dismissed pursuant to the plea agreement.

U.S.C. § 3553(a)(2)(B), to clarify that Lanphear personally has no gang affiliation and that her sentence was not increased for any purported gang affiliation, *see* Order (Doc. 72) at 3–4. Given these documents in the record, this claim does not involve newly discovered evidence.

### 3. Voluntariness of Guilty Plea

Finally, Lanphear seeks to augment, with additional facts, her claim that her guilty plea was involuntary. She asserts that counsel told her that, if she pled guilty, she would be released and could take steps to retain her parental rights. She also asserts that counsel told her the gun charge under § 924(c) would be dismissed if she pled guilty.[3] The latter allegation is puzzling, as Lanphear pled guilty to the § 924(c) charge. But, at any rate, both allegations rest on facts known to Lanphear long before her § 2255 motion was decided. They do not involve newly discovered evidence.

### C. Conclusion

Lanphear's first assertion, that the prosecutor pursued charges against her due to personal animosity toward someone else, might arise from newly discovered evidence. But even assuming it does, the claim lacks plausibility and does not warrant relief under Rule 59(e). Lanphear's other two assertions rely on newly

---

[3] Lanphear refers to a "PSI investigation that Lyle wrote up." She might mean Sean Lyle, who long served as a probation officer in this Court but now does private-sector work. He was not involved with the Court's presentence report. *See* Presentence Report at 1, 22–23.

alleged facts, not newly discovered evidence.

## IV.  Time to Appeal

Because the Court construes Lanphear's letter as a timely motion under Rule

59(e), her time to appeal the denial of her § 2255 motion is extended.  *See* Fed. R.

Civ. P. 59(e); Fed. R. App. P. 4(a)(4)(A)(v).  Lanphear has sixty days from the date

of this Order to file a notice of appeal if she chooses to do so.  *See* Fed. R. Civ. P.

4(a)(1)(B)(i); Rule 11(b), Rules Governing § 2255 Proceedings.

## V.  Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it

enters a final order adverse to the applicant."  Rule 11(a), Rules Governing § 2255

Proceedings.  A COA is required to appeal the denial of "a legitimate Rule 60(b)

motion," that is, one that is not a disguised second or successive application for

habeas relief, because it "pertains to the district court's adjudication of the § 2255

motion." *United States v. Winkles*, 795 F.3d 1134, 1142 (9th Cir. 2015).  More

than that, a Rule 59 motion is "part and parcel of the . . . habeas proceeding" and

"tightly tied to the underlying judgment." *Bannister*, 140 S. Ct. at 1702, 1703.  A

district court must consider a COA when it denies a Rule 59(e) motion.

A COA should issue as to those claims on which the petitioner makes "a

substantial showing of the denial of a constitutional right."  28 U.S.C. §

2253(c)(2).  The standard is satisfied if "jurists of reason could disagree with the

10

district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Gonzalez v. Thaler*, 565 U.S. 134, 140 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Two of Lanphear's new claims and allegations do not make a substantial showing that she was deprived of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). The claim concerning the basis for her sentence is simply negated by the record of the case. And Lanphear alleges no unconstitutional invidious basis for her prosecution. She also acknowledged the United States had evidence supporting her conviction beyond reasonable doubt, and she received both a downward departure and a downward variance at sentencing, facts that tend to negate prosecutorial vindictiveness.

Lanphear also alleges new facts to support her claim that counsel's poor advice made her guilty plea involuntary. To the extent she identifies more ways in which she might have been inadequately advised or confused about what she was doing when she pled guilty, a reasonable jurist might find that this claim now meets the low threshold of a substantial showing that she was deprived of a constitutional right. Reasonable jurists are virtually certain to find that the newly

11

alleged facts are not newly discovered evidence.  But there is a reason to encourage further proceedings.  This Court has followed the Supreme Court's decision in *Bannister* because it is "clearly irreconcilable" with otherwise-controlling authority in *Rishor v. Ferguson*, 822 F.3d 482, 489–95 (9th Cir. 2016).  *See Gonzalez v. Arizona*, 677 F.3d 383, 389 n.4 (9th Cir. 2012) (en banc) (internal quotation marks and citations omitted).  To date, the appellate court has not reviewed *Rishor*.  A COA will be granted as to this claim only.

Accordingly, IT IS ORDERED:

1.  Lanphear's letter, construed as a motion to amend her § 2255 motion and a motion to alter or amend the judgment under Rule 59(e) (Doc. 82), is DENIED.

2.  A certificate of appealability is DENIED as to Lanphear's first two claims and GRANTED as to the denial of her Rule 59(e) motion to reconsider her claim that counsel's ineffective assistance undermined the voluntariness of her guilty plea.  The clerk shall immediately process the appeal if Lanphear files a notice of appeal.

DATED this __11th__ day of February, 2022.

Susan P. Watters
United States District Court

12