IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 19–19–BLG–SPW |
| Plaintiff, | |
| vs. | ORDER |
| AMBER LYNN LANPHEAR, | |
| Defendant. | |

On June 23, 2023, Defendant Amber Lynn Lanphear filed a pro se motion to reduce her 96-month federal sentence under 18 U.S.C. § 3582(c)(1)(A) for conspiracy to possess with intent to distribute methamphetamine and possession of a firearm in furtherance of a drug trafficking crime. (Doc. 96.) Lanphear was released to home confinement under the CARES Act on December 1, 2022, and is under the supervision of Residential Reentry Management Seattle with a projected release date of November 15, 2025. *See*, Inmate Locator, http://www.bop.gov/inmateloc (last accessed January 8, 2024). On June 23, 2023, counsel was appointed. (Doc. 98.) Appointed counsel filed an amended motion on August 2, 2023. (Doc. 101.) The government opposes. (Doc. 105.) On December 27, 2023, Lanphear filed a letter to the Court. (Doc. 109.) For the reasons stated below, Lanphear's motion is denied.

1

ANALYSIS

The First Step Act of 2018 gives district courts wide discretion to reduce an existing term of imprisonment so long as a defendant first seeks relief from the Bureau of Prisons and the reduction: (1) is consistent with the applicable policy statements of the Sentencing Commission, (2) takes into consideration the sentencing factors of 18 U.S.C. § 3553(a), and (3) is warranted by "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i); *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) (per curiam).[1] Thus, this Court's decision turns on whether the defendant has presented extraordinary and compelling reasons for a reduction and whether that reduction comports with the objectives of § 3553(a). *See Keller*, 2 F.4th at 1284.

Here, Lanphear argues that the death of her minor child's caregiver and her subsequent battle for parental rights are extraordinary and compelling reasons for a sentence reduction. Additionally, Lanphear contends that her rehabilitation during

---

[1] The United States Sentencing Commission recently revised §1B1.13 of the Sentencing Guidelines Manual, in part, moving the Commission's policy statements that were previously in commentary notes into the actual Guidelines text. *See* 2023 Amendments to the Sentencing Guidelines, Policy Statements, and Official Commentary, First Step Act—Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (effective Nov. 1, 2023) (*available at* https://www.ussc. gov/guidelines/amendments/adopted-amendments-effective-november-1-2023). Although the 2023 Amendments were not in effect when the parties submitted their briefing in this matter, the Court notes that both parties' arguments reflected the anticipated changes.

incarceration is significant enough to warrant a reassessment of the sentencing factors under § 3553(a) in favor of a reduced sentence. Ultimately, while the death of the caregiver of Lanphear's minor child is an extraordinary and compelling reason for early release and Lanphear's rehabilitation is commendable, the § 3553(a) factors do not weigh in favor of a sentence reduction. Accordingly, her motion is denied.

## I.   Exhaustion of Administrative Remedies

A defendant may only file a motion for compassionate release with the district court once she has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here, Lanphear filed a request for relief with the warden at her facility on April 24, 2023. (Doc. 95 at 3.) The warden did not respond. (*Id.* at 3.) Lanphear has therefore exhausted her administrative remedies as required by statute.

## II.   Extraordinary and Compelling Reasons

The First Step Act provides that "[t]he death or incapacitation of the caregiver of the defendant's minor child" is an "extraordinary and compelling reason[]" for a sentence reduction. USSG §1B1.13(b)(3)(A).

3

Lanphear's seven-year-old child, T.V., was in foster care at the time of her sentencing but was eventually returned to the care of her father, Jeffrey VanderRoest.  (*See* Doc. 107-1 at 1.)  VanderRoest passed away suddenly on November 15, 2021.  (Doc. 102-2.)  Lanphear argues that VanderRoest's death is an extraordinary and compelling reason warranting a sentence reduction.  The government counters that Lanphear does not have an extraordinary and compelling reason because Lanphear has not shown that VanderRoest was T.V.'s primary caregiver at the time of his death, or that she is now the only available caregiver for T.V.  The government is incorrect.

The Montana Thirteenth Judicial District Court Order of September 5, 2023, rescinding the court's previous order granting Lanphear sole custody of T.V., establishes that VanderRoest had custody of T.V. at the time of his death.  (Doc. 107-1.)  Additionally, the government's argument as to the "only available caregiver" requirement presumably relies on paragraph of §1B1.13(b)(3)(D), which states:

> The defendant establishes that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, **when the defendant would be the only available caregiver** for such family member or individual.

(Emphasis added.)  However, paragraph (3)(D) does not apply in this case because T.V. is Lanphear's child and not "any immediate family member" or a non-family

4

member with a relationship to the defendant similar in kind to an immediate family member.  Therefore, the government's reliance on paragraph (3)(D) is inappropriate.

Accordingly, because VanderRoest was the caregiver of Lanphear's minor child at the time of his death and there is no requirement that the defendant be the child's only available caregiver, VanderRoest's death qualifies as an extraordinary and compelling reason under §1B1.13.

Additionally, Lanphear contends that her ongoing custody dispute and her fear of the possible termination of her parental rights to T.V. are further extraordinary and compelling reasons warranting compassionate release.  Because Lanphear has an extraordinary and compelling reason in the death of her child's primary caregiver, the Court need not consider Lanphear's custody dispute.

## III.   Section 3553(a) Factors

Demonstrating an extraordinary and compelling reason to reduce a sentence meets only one element of § 3582(c)(1)(A).  To determine whether relief is appropriate, a court must also consider the federal sentencing objectives set forth in 18 U.S.C. § 3553(a).  Pertinent factors of § 3553(a) include the "nature and circumstances of the offense and the history and characteristics of the defendant," the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," to deter

criminal conduct and protect the public, and to provide effective correctional treatment, including education or vocational training and medical care. *See* 18 U.S.C. § 3553(a)(1), (2). Courts may also consider the advisory guideline range and the need to "avoid unwarranted sentencing disparities" among similarly situated defendants. *See id.* § 3553(a)(4), (6).

### A.    Nature and Circumstance of the Offense

Lanphear was convicted of distributing large quantities of methamphetamine and possessing a firearm in furtherance of a drug trafficking offense. (Doc. 69 at 1.) The record shows that Lanphear blatantly advertised her drug sales in an effort to distribute significant quantities of methamphetamine. (Doc. 90 at 18.) Her convictions are undoubtedly serious offenses, and her conduct has had and continues to have severe ramifications for the community. Therefore, this factor weighs against granting defendant's motion for a sentence reduction.

### B.    History and Characteristics of the Defendant

Lanphear has an extensive criminal history, including three prior felonies with aggravating factors. (PSR at ¶¶ 37–43.) Although she first used methamphetamine at the young age of 14, Lanphear did manage almost a decade of sobriety from the age of 18 to 28, and she has done remarkably well during home confinement, which is a significant mitigating factor. (*Id.* at ¶ 64.) However, Lanphear's long struggle with substance abuse ultimately counsels

6

against early release.  Lanphear's early success and commitment to sobriety (as discussed further in § D) is commendable, but further monitoring on home confinement is appropriate to encourage her continued rehabilitation.

### C.   Other § 3553(a) Factors

Other factors also weigh against a sentence reduction.  Despite the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, Lanphear received a significant downward variance on Count 1 and the mandatory minimum on Count 3 for a combined sentence of 96 months.  (Doc. 90 at 22–23.)  Nevertheless, the sentence imposed was sufficient but not greater than necessary to deter Lanphear from future criminal conduct and protect the public, as well as provide general deterrence because of Lanphear's longstanding connections to drug use and distribution and related criminal activity.  (*Id.* at 19.)  On balance, Lanphear received a sufficient but not greater than necessary sentence and reducing that sentence now would undermine the objectives of § 3553(a), including avoiding sentencing disparities and providing just punishment, general deterrence, and promoting respect for the law.

### IV.   Post-Sentencing Conduct and Rehabilitation

Courts may consider a defendant's rehabilitation when reviewing a motion for compassionate release, though it is not determinative.  USSG §1B1.13(d).  *See*

*also United States v. Brown,* 457 F. Supp. 3d 691, 701 (S.D. Iowa Apr. 29, 2020)

(finding defendant's rehabilitation "cuts in favor" of compassionate release);

*United States v. Foreman,* 2021 WL 2143819, at *5–6 (N.D. Okla. May 26, 2021)

(granting sentence reduction due to disparity, rehabilitation, and good behavior

during incarceration).

Lanphear's Bureau of Prisons ("BOP") records indicate that she successfully

participated in many rehabilitative and education programs while incarcerated.

(*See* Docs. 102-5; 102-6; 102-7.) Her transcript from Las Positas College reflects

an impressive 4.0 grade point average. (Doc. 102-9 at 1.) Lanphear also received

a legal assistant/paralegal certificate from Blackstone Career Institute. (Doc. 102-9

at 4.) She has maintained a clean disciplinary record from the BOP both while in

custody and on home confinement. (Doc. 102-8 at 2.) Relatedly, Lanphear has

expressed a strong desire to parent her child when she is released from home

confinement, and she has taken steps to prepare to take custody of T.V. (Doc. 102

at 22–23.) She argues that without a sentence reduction, she will lose her parental

rights because she will not be able to participate in custody proceedings in Texas,

where T.V. is currently living with her adult half-sister who has filed for custody.

Lanphear's efforts to pursue educational opportunities and address her

substance abuse issues are certainly impressive. But the heart of Lanphear's

argument seems to be that she should be released from home confinement roughly

one year early so that she can "travel to Texas to fight for her daughter." (Doc. 106 at 7.) The Court disagrees.

For one, the record indicates that T.V. has an appropriate caregiver. Further, Lanphear has not provided any evidence that her parental rights are actually in jeopardy, or that she has not been able to effectively advocate for herself from home confinement. In fact, the state court filings in Montana and Texas show that both courts are aware of Lanphear's incarceration, and other evidence indicates that Lanphear's parental rights remain intact. (*See* Doc. 106-1, letter from Andrew Loken, Child Protection Specialist in Yellowstone County, in which he advises Lanphear that she "did not lose [her] parental rights in this process.") Regardless, while the Court is sympathetic to Lanphear's concerns regarding her daughter, it is not this Court's role to wade into the nuances or potential implications of a defendant's state court custody dispute while considering a motion for compassionate release.

Although the death of Lanphear's daughter's caregiver is an extraordinary and compelling reason that may warrant a sentence reduction, a reduction in this case would fail to comport with the objectives of § 3553(a). *See Keller*, 2 F.4th at 1284. A sentence reduction would diminish the seriousness of Lanphear's crimes, create sentencing disparities, and ultimately undermine respect for the law. *See* 18 U.S.C. § 3553(a)(2)(A)–(D). Therefore, a sentence reduction is not warranted.

9

## CONCLUSION

Accordingly, IT IS ORDERED that the defendant's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) (Docs. 95, 101) is DENIED.

DATED this ___9th___ day of January, 2024.

Susan P. Watters, District Judge
United States District Court